# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | * |
| KERRY LEIGH and BENJAMIN LEIGH, parents of E.L., a minor, | * * |
| | *   No. 17-444V |
| Petitioners, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: April 27, 2018 |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *   Stipulation; influenza ("flu") vaccine; *   acute disseminated encephalomyelitis *   ("ADEM"). |
| Respondent. | * |
| * * * * * * * * * * * * * * * * * * * * | * |

Ronald C. Homer & Christina M. Ciampolillo, Conway Homer, P.C., Boston, MA, for Petitioner;
Daniel A. Principato, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On April 26, 2018, the parties filed a joint stipulation concerning the petition for compensation filed by Kerry and Benjamin Leigh on behalf of their child, E.L., on March 28, 2017. Petitioners alleged that the influenza ("flu") vaccine received by E.L. on October 22, 2015, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused E.L. to suffer acute disseminated encephalomyelitis. Petitioners further allege that E.L. suffered the residual effects of this injury for more than six months. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of E.L. as a result of E.L.'s condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the influenza vaccine caused E.L. to suffer acute disseminated encephalomyelitis, or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $8,000.00 in the form of a check payable to petitioners for full satisfaction of past unreimbursable expenses.**

b. **A lump sum payment of $122,000.00 in the form of a check payable to petitioners, as guardians/conservators of E.L.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 17-444V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KERRY LEIGH and BENJAMIN LEIGH, parents of E.L., a minor, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 17-444V <br> Special Master Moran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, E.L., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to E.L.'s receipt of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. E.L. received the flu vaccination on or about October 22, 2015.

3. The vaccine was administered within the United States.

4. Petitioners allege that the vaccine caused E.L. to develop acute disseminated encephalomyelitis ("ADEM"), and that E.L. experienced the residual effects of this condition for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of E.L.'s condition.

6. Respondent denies that the flu immunization is the cause of E.L.'s alleged ADEM, and/or any other injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $8,000.00 in the form of a check payable to petitioners for full satisfaction of past unreimbursable expenses.

   b. A lump sum payment of $122,000.00, in the form of a check payable to petitioners, as guardians/conservators of E.L.'s estate. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of E.L. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of E.L.'s estate under the laws of a State of South Carolina. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians of E.L.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians of E.L.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.L. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and a legal representatives of E.L., and on behalf of themselves, E.L., and his heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of E.L. resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 22, 2015 as alleged by petitioners in a petition for vaccine compensation filed on or about March 28, 2017, in the United States Court of Federal Claims as petition No. 17-444V.

15. If E.L. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused E.L.'s alleged ADEM, and/or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of E.L.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_____
KERRY LEIGH

_____
BENJAMIN LEIGH

| ATTORNEY OF RECORD FOR PETITIONERS: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |
|---|---|
| Ronald C Homer by Christina Ciampolillo Rule 83.1(c)(2) | _____ |
| RONALD C. HOMER<br>By CHRISTINA CIAMPOLILLO<br>Conway Homer, P.C.<br>16 Shawmut Street<br>Boston, MA 02116<br>(617) 995-1990 | CATHARINE E. REEVES<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES: | ATTORNEY OF RECORD FOR RESPONDENT: |
| _____<br>NARAYAN NAIR, MD<br>Director, Division of Injury Compensation Programs<br>Healthcare Systems Bureau<br>Health Resources and Services Administration<br>U.S. Department of Health and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Mail Stop 08N146B<br>Rockville, MD 20857 | _____<br>DANIEL A. PRINCIPATO<br>Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>(202) 616-3662 |

Dated:  4/18/18