# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
KERRY LEIGH and BENJAMIN          *
LEIGH, parents of E.L., a minor,  *
                                  *     No. 17-444V
                 Petitioners,     *     Special Master Christian J. Moran
                                  *
v.                                *     Filed: July 19, 2019
                                  *
SECRETARY OF HEALTH               *     Attorneys' Fees and Costs; future
AND HUMAN SERVICES,               *     guardianship costs
                                  *
                 Respondent.      *
* * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer & Christina Ciampolillo, Conway, Homer, P.C., Boston, MA, for Petitioners;
Daniel Principato, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Kerry and Benjamin Leigh prevailed in their vaccine claim seeking compensation on behalf of their child, E.L. There now seeking an award for attorneys' fees and costs. They are awarded $63,828.42.

*       *       *

The Leighs filed a petition on March 28, 2017, alleging that an influenza vaccination caused their child, E.L., to suffer acute disseminated

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This means the decision will be available to anyone with access to the internet (https://www.uscfc.uscourts.gov/aggregator/sources/7). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).

encephalomyelitis.  Soon thereafter, the Leighs finished submitting the medical records and filed a statement of completion.

After reviewing the records, the Secretary requested that his Rule 4 report deadline continue to be suspended so that he could engage in settlement negotiations with the Leighs.  Resp't's Status Rep., filed June 9, 2017.  Following a few months of negotiations and further evidentiary submissions, the parties advised on February 6, 2018, that they had reached a tentative settlement agreement.  On April 26, 2018, the Secretary filed a signed stipulation and, on the next day, the Leighs were awarded compensation based on the stipulation. <u>Decision</u>, 2018 WL 2772551 (Apr. 27, 2018).

The Leighs moved for an award of attorneys' fees and costs seeking a total of $62,400.14, comprised of $38,410.00 in attorneys' fees and $2,164.77 in attorneys' costs.  Pet'rs' Fee Appl., filed Oct. 23, 2018.  The Leighs requested $16,573.22 in guardianship costs.  Gen. Order No. 9 Stat., filed Oct. 23, 2018.  The Leighs did not request future costs for an attorney or accountment to manage the guardianship or to submit filings to maintain the guardianship.

The Secretary filed a response to the Leighs' motion and objected to the prepayment for future costs of maintaining a state guardianship and guardian ad litem costs.  Resp't's Resp., filed Nov. 5, 2018, at 1.  As for determining a reasonable award for all other costs and fees, the Secretary recommended "that the Special master exercise his discretion."  <u>Id.</u> at 9.  In a reply, the Leighs provided support for their request for guardianship and guardian ad litem costs.

Because the issue of awarding guardianship costs in a vaccine case was pending before the Federal Circuit at the time, the undersigned deferred ruling on the Leighs' fees application until an opinion issued.  Order, issued Apr. 26, 2019. On May 3, 2019, the Federal Circuit issued an opinion holding that legally required guardianship expenses are permissible costs to be awarded under the Vaccine Act. <u>McCulloch v. Sec'y of Health & Human Servs.</u>, 923 F.3d 998, 1001 (Fed. Cir. 2019)

The Leighs moved for a supplemental award of attorneys' fees and costs seeking a total of $2,399.34, comprised of $2,370.40 in attorneys' fees and $28.94 in attorneys' costs.  Pet'rs' Fee Appl., filed May 22, 2019.  In his response, the Secretary did not address the supplemental fees and costs requested but instead commented on the <u>McCulloch</u> opinion.  For guardianship costs, the Secretary raised the possibility that <u>McCulloch</u> was suggesting a distinction between cases that award compensation in the form of a lump sum versus an annuity.  Resp't's

Supp. Resp., filed June 5, 2019, at 1-2.  Despite this possibility, the Secretary admitted that the "significance of the distinction is, however, admittedly unclear." Id.  The Leighs filed a reply arguing that <u>McCulloch</u> supported an award of guardianship and guardian ad litem costs in this case.  Pet'rs' Supp. Reply, filed June 12, 2019, at 3-4.

A status conference was held on July 16, 2019, with the Leighs' guardianship attorney, Gretchyn Meinken, and the E.L's guardian ad litem, Karen Keys-Gamarra.  Ms. Meinken helpfully answered questions about how Virginia oversees guardianships.  For example, she explained the strict rules governing any disbursements from E.L.'s guardianship account.  Ms. Meinken generally characterized permissible disbursements from the guardianship account as necessities for E.L. that the Leighs are unable to afford.  Ms. Meinken stated that the Leighs' intent is to preserve the vaccine award for E.L. to use once he reaches adulthood.

This matter is now ripe for adjudication.

*      *      *

Because the Leighs received compensation, they are entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

## Amount of Attorneys' Fees and Costs

After the determination of when reasonable basis supported the claim set forth in the petition, the process for determining a reasonable amount of attorneys' fees and costs is relatively straightforward.  In light of the Secretary's lack of objection to the amount of attorneys' fees and costs, the undersigned has reviewed the fee application for its reasonableness.  <u>See</u> <u>McIntosh v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 238 (2018).

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  <u>Id.</u> at 1348.  Here, because

3

the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the requested rates and finds them largely to be reasonable and in conformance with what the Conway Homer firm attorneys and paralegals have previously been awarded for their work in the Vaccine Program.  See Harris v. Sec'y of Health & Human Servs., No. 16-528V, 2018 WL 5816741, at *1 (Fed. Cl. Spec. Mstr. Sept. 24, 2018); McSorley v. Sec'y of Health & Human Servs., No. 14-919V, 2018 WL 4390500, at *1 (Fed. Cl. Spec. Mstr. Aug. 16, 2018).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

The time entries are adequately detailed to evaluate reasonableness.  Throughout the case, Attorney Homer, a partner at the firm, routinely billed 0.1 hours for reviewing all electronic filings received and updating the case file.  In this case, all these filings were simple scheduling orders or other standard filings, such as notices of appearance.  It is inappropriate for a partner to bill for mundane tasks, which should properly be billed by a paralegal at most.  Moreover, given that Mr. Homer has roughly 350 open cases and this type of billing appears to be a pattern, it strains credulity that he is reviewing the electronic filings in all these cases.  Because of this inappropriate billing, a reduction of $1,000.00 is reasonable.

Accordingly, taking into account the fee reductions described above, the Leighs are awarded attorneys' fees in the amount of $45,061.49.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Dep't of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  The Leighs requested compensation for routine litigations costs ($2,193.71), such as medical records and postage, their guardianship firm ($3,051.00), the guardian ad litem ($3,402.90), the initial guardianship bond ($545.00), and the maintenance of the guardianship until E.L. reaches the age of majority ($9,574.32).   The Leighs have provided adequate documentation for the routine litigations costs and they are awarded in full.  The remaining costs are all related to E.L.'s guardianship.

Following the Federal Circuit's opinion in McCulloch, the Secretary no longer contends that Leighs cannot be awarded the guardianship firm costs, the guardian ad litem costs, and the initial guardianship bond were incurred during the establishment of E.L.'s guardianship.  Compare Resp't's Resp., filed Nov. 5, 2018, at 1, with Resp't's Supp. Resp., filed June 5, 2019, at 1-2.  The guardianship firm costs, guardian ad litem costs, and the initial guardianship bond are awarded in full.

The disputed guardianship costs are those for the future maintenance of E.L.'s guardianship until he reaches the age of majority.  These non-speculative costs consist of annual payments for filing an accounting with the guardianship court and renewing the guardianship bond.[2]  The Leighs have not requested future costs for employing an attorney or accountant to manage the filing and payment of these aspects of E.L's guardianship.

As noted above, the Federal Circuit recently held that "continuing legally required guardianship-maintenance expenses are incurred in the Vaccine Act proceeding where, as here, their payment is a precondition for continuing receipt of

---

[2]  Beyond the perspective of future guardianship costs being unavailable, the special master in Crespo also critiqued the requested future guardianship costs as being speculative because the costs included a guardianship attorney's estimated time to submit filings for each year until the minor reached the age of majority.  Crespo v. Sec'y of Health & Human Servs., No. 15-1100V, 2017 WL 6763078, at *7 (Fed. Cl. Spec. Mstr. Dec. 5, 2017), mot. for rev. denied, 139 Fed. Cl. 231 (2018).

the compensation granted in the judgment." McCulloch v. Sec'y of Health & Human Servs., 923 F.3d 998, 1003 (Fed. Cir. 2019). Distinguishing the necessity of a guardianship to receive the ongoing annuity payments in McCulloch, the Court suggested that an award of guardianship costs would not be necessary "where a Vaccine Act judgment of a lump-sum payment requires only the establishment, but not continuing maintenance, of a guardianship." Id. The Court cited Crespo v. Sec'y of Health & Human Servs., 139 Fed. Cl. 231 (2018), as an example of a lump-sum case. However, Crespo does not appear to be an appropriate case to cite as an exception to the holding in McCulloch. While the judgment in Crespo contained lump-sum payments, the judgment also contained an annuity that required payments to be made to the guardian of the minor's estate. Crespo v. Sec'y of Health & Human Servs., No. 15-1100V, 2017 WL 887047, at *3 (Fed. Cl. Spec. Mstr. Feb. 9, 2017) (Stipulation ¶ 10: "the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian/conservator of the estate of N.S."). Moreover, the Court of Federal Claims' opinion in Crespo held that future guardianship and guardian ad litem costs were not incurred under the Vaccine Act and were not compensable, contrary to the holding in McCulloch. Crespo v. Sec'y of Health & Human Servs., 139 Fed. Cl. 231, 235-37 (2018).

Aside from Crespo not representing the intended exception to compensation for future guardianship costs, the McCulloch opinion focused on what a Vaccine Act judgment requires when determining whether future guardianship costs are compensable. McCulloch clearly holds that future guardianship costs are compensable when the guardianship is necessary for the "continuing receipt" of a Vaccine award. 923 F.3d at 1003.

Here, the undersigned finds the factual circumstances of E.L.'s guardianship to be necessary for "continuing access" to the Vaccine award. The stipulation in this case, and presumably in all cases regarding minors, requires that "the money provided pursuant to this Stipulation will be used solely for the benefit of E.L." Decision, 2018 WL 2772551, at *1 (Stipulation ¶12). As noted by the Leighs, they are "not be authorized to make any distribution of income or corpus from the Estate of [E.L.] to or for his benefit, other than administrative expenses associated with the guardianship, unless the Court or the Commissioner of Accounts authorizes that distribution in advance." Exhibit 22 at 2 (guardianship order from the Circuit Court of Fairfax County, Virginia). During the July 16, 2019 status conference, the guardianship attorney, Ms. Meinken, confirmed that guardianships in Fairfax County are tightly controlled and only necessities for a minor that a parent cannot afford will be allowed to be paid for from the minor's estate. Ms.

Meinken did not believe there was a way for the Vaccine award to be withdraw from the guardianship and to be directly managed by the Leighs for the benefit of E.L. Thus, for the Leighs to be able to access the Vaccine award to benefit E.L, an imperative from the stipulation that was incorporated into the Vaccine Act judgment, they must maintain E.L.'s guardianship until he reaches the age of majority. The Leighs are awarded the future guardianship costs in full.

In sum, the Leighs are awarded attorneys' costs of $2,193.71 and petitioners' costs of $16,573.22.

D.    Conclusion

After a finding of reasonable basis, the Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). For the reasons explained above, the motion is GRANTED to the extent that the undersigned finds a reasonable amount to be $63,828.42 (representing $45,061.49 in attorneys' fees, $2,193.71 in attorneys' costs, and $16,573.22 in petitioners' costs). This shall be paid as follows:

**a.  A lump sum payment of $47,255.20 in the form of a check made payable jointly to petitioners and petitioners' attorney, Ronald Homer;**

**b.  A lump sum payment of $6,453.90 in the form of a check made payable to petitioners as guardians of E.L.'s estate; and**

**c.  A lump sum payment of $10,119.32 in the form of a check made payable to petitioners**

The figures above represent all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.